IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HELMSTADT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:24-CV-1502-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 3 and 5, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the Court are the parties' briefs on the merits, ECF Nos. 11 and 15.

　　　　The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Court recommends the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

| | | |
|---|---|---|
| Step 1 | | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |

2

|   |   |   |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on December 22, 2020. See CAR at 22.[1] In the application, Plaintiff claims disability began on October 15, 2019. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on November 17, 2022, before Administrative Law Judge (ALJ) Christopher Knowdell. In a February 20, 2023, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD); degenerative disc disease lumbar spine; osteoarthritis of right shoulder; polysubstance abuse (ETOH, Heroin); bipolar disorder; (20 CFR 416.920(c));

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: to perform medium work as defined in 20 CFR 416.967(c) except claimant is limited to frequent postural activities, occasional overhead reaching right upper extremity; should avoid concentrated exposure to fumes dusts, chemicals, gases, etc. Claimant can perform simple routine tasks, interact with coworkers in superficial noncollaborative basis; he is able to have brief occasional contact with the public, and adapt to a routine predictable environment;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing past relevant work.

See id. at 24-32.

After the Appeals Council declined review on January 17, 2024, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on August 5, 2024, ECF No. 10.

## III. DISCUSSION

In his opening brief, Plaintiff challenges the ALJ's finding that he can perform his past relevant work as that work is generally performed. See ECF No. 11.

At Step 4 of the sequential evaluation process, the Medical-Vocational Guidelines (Grids) provide a uniform conclusion about disability for various combinations of age, education, previous work experience, and residual functional capacity. The Grids allow the Commissioner to streamline the administrative process and encourage uniform treatment of claims based on the number of jobs in the national economy for any given category of residual functioning capacity. See Heckler v. Campbell, 461 U.S. 458, 460-62 (1983) (discussing creation and purpose of the Grids). The Commissioner may apply the Grids in lieu of taking the testimony of a vocational expert only when the Grids accurately and completely describe the claimant's abilities and limitations. See Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983). Thus, the Commissioner generally may not rely on the Grids if a claimant suffers from non-exertional limitations because the Grids are based on exertional strength factors only.[2] See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(b).

In cases where the Grids are not fully applicable, the ALJ may meet his burden under the sequential analysis by propounding to a vocational expert hypothetical questions based on medical assumptions, supported by substantial evidence, that reflect all the plaintiff's limitations. See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995). Specifically, where the

---

[2] Exertional capabilities are the primary strength activities of sitting, standing, walking, lifting, carrying, pushing, or pulling and are generally defined in terms of ability to perform sedentary, light, medium, heavy, or very heavy work. See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(a). "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. See 20 C.F.R. §§ 404.1567(a) and 416.967(a). "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See 20 C.F.R. §§ 404.1567(b) and 416.967(b). "Medium work" involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. See 20 C.F.R. §§ 404.1567(c) and 416.967(c). "Heavy work" involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. See 20 C.F.R. §§ 404.1567(d) and 416.967(d). "Very heavy work" involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. See 20 C.F.R. §§ 404.1567(e) and 416.967(e). Non-exertional activities include mental, sensory, postural, manipulative, and environmental matters which do not directly affect the primary strength activities. See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(e).

Medical-Vocational Guidelines are inapplicable because the plaintiff has sufficient non-exertional limitations, the ALJ is required to obtain vocational expert testimony. See Burkhart v. Bowen, 587 F.2d 1335, 1341 (9th Cir. 1988).

Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

In this case, the ALJ determined that Plaintiff has non-exertional limitations and, as such, did not rely on the Grids. Instead, the ALJ obtained vocational expert testimony to determine Plaintiff's capacity to perform past relevant work. See CAR 31-32. In concluding that Plaintiff is capable of performing past relevant work, the ALJ stated as follows:

> The vocational expert testified that the claimant's past work is described in the Dictionary of Occupational Titles as a laborer stores (DOT 922.687-058, SVP 2, medium exertion); and fruit grader operator (DOT 529.665-010, SVP 2, light exertion) performed at medium exertion. As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance and was performed within the relevant period.
>
> The laborer stores position was performed at Walmart from December 2018 to August 2019 with earnings of $13,660 for this SVP 2 position.
>
> The fruit grader operator position was a . . . seasonal job per the claimant's testimony working 3-4 months a year from July to October in 2018 and 2019. For the 3-4 months worked in 2019, the claimant earned $7180. Accordingly, it meets the recency, earnings and durational tests.
> I asked the vocational expert whether an individual with the same residual functional capacity as that assessed for the claimant would be able to perform the above past relevant work and she testified that such an individual would be able to perform his past relevant work. I would note that the DOT does not distinguish between reaching overhead and reaching in all other directions. However, the DOT descriptions for these positions do not suggest more than occasional overhead reaching, and the vocational expert testified that the RFC did not conflict with the DOT. I

>accept the testimony of the vocational expert as reasonable and accordingly, find[] that the demands of this past relevant work does not exceed the residual functional capacity.
>
>In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed.

CAR 31-32.

In challenging this finding, Plaintiff first notes that a limitation to medium work implicitly limits a claimant to standing and/or walking six hours in an eight-hour workday. See ECF No 11, pg. 7. The Court agrees. See Terry v. Saul, 998 F.3d 1010, 1014 (9th Cir. 2021). The Court also agrees that VEs and ALJs are presumed to share this understanding, and that this presumption is subject to rebuttal. See Conway v. O'Malley, 96 F.4th 1275, 1278-79 (9th Cir. 2024). According to Plaintiff, though the ALJ accepted medical opinions limiting Plaintiff to six hours of walking/standing and rejected medical opinions of greater ability, the ALJ erred in concluding that Plaintiff can perform his past relevant work because that work was actually performed at a higher exertional level than the implicit limitation associated with medium work and the explicit limitation found by the ALJ. See ECF No. 11, pgs. 8-11. In support of this contention, Plaintiff states that his past work as a stores laborer required "up to six and one-half hours of standing and walking per day, each. . . ." Id. at 9. Plaintiff states that his past work as a fruit-grade operator required standing and/or walking between eight and ten hours over an eleven-hour workday. See id. Plaintiff argues that these facts as to how he actually performed his past relevant work rebut the presumption that the ALJ and VE understood the phrase "medium work" to encompass an ability to stand/walk for up to only six hours per workday. See id. at 8-11.

Plaintiff's argument is unpersuasive because Plaintiff misreads the ALJ's determination at Step 4 and ignores the ALJ's actual findings. The gravamen of Plaintiff's position is that Plaintiff's residual functional capacity, as determined by the ALJ to include a limitation to six hours of walking/standing, is inconsistent with the way he actually performed his past relevant work because he actually performed that work at a greater exertional level. The ALJ, however, did not base the decision at Step 4 on how Plaintiff actually performed his past relevant work. Rather, the ALJ permissibly focused on how such work is generally performed.

7

See Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (stating that, at Step 4, the question is whether the claimant can perform "[t]he actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy"). Here, Plaintiff's past relevant work as a stores laborer is generally performed at the medium exertional level, which is consistent with the implicit understanding that medium work encompasses a six-hour stand/walk limitation as well as the ALJ's finding that Plaintiff is limited to six hours standing/walking. Likewise, Plaintiff's past relevant work as a fruit grade operator is generally performed at the light level, which is less demanding than the way Plaintiff actually performed such work at the medium level or higher. Because the ALJ properly relied on VE testimony that Plaintiff can perform his past relevant work as such work is generally performed in the national economy, and not as Plaintiff actually performed his past relevant work, and because the stand/walk limitations were accurately conveyed to the VE, the Court finds no error in the ALJ's analysis at Step 4.

## IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is denied;
2. Defendant's motion for summary judgment, ECF No. 15, is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  April 18, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE